UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORID
PENSACOLA DIVISION

LAWRENCE LEWIS,
Inmate No. 70698-018,
    Plaintiff,

vs.                              Case No.: 3:21cv536/LAC/EMT

M.V. JOSEPH,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se, commenced this action by filing what in essence was a civil rights complaint (*see* ECF Nos. 1, 3). On April 1, 2021, the undersigned entered an order finding Plaintiff's complaint deficient because it was not filed on the proper form—i.e., it was filed on the form for use in habeas corpus actions brought pursuant to 28 U.S.C. § 2241 rather than the civil rights complaint form (ECF No. 3). In addition, Plaintiff failed to either pay the $402.00 filing fee or file a motion to proceed in forma pauperis (IFP) (*see id*.). The court allowed Plaintiff thirty days in which to file an amended complaint on the proper form and either pay the $402.00 filing fee or submit a properly completed IFP motion with the required financial documentation (*id*.).

Rather than comply with the court's order, on April 8, 2021, Plaintiff filed an objection to the order, indicating he intended to appeal the order to the Eleventh Circuit Court of Appeals in the event it stood (ECF No. 4). On April 12, 2021, the district judge entered an order denying Plaintiff's objection and returning the case to the undersigned for further proceedings (ECF No. 5). The district judge advised Plaintiff that if he intended to appeal the order, he needed to separately file a notice of appeal. Plaintiff did so on April 20, 2021 (*see* ECF No. 6). On July 26, 2021, the Eleventh Circuit Court of Appeals issued its mandate dismissing Plaintiff's appeal for lack of jurisdiction (ECF No. 15).

The matter was referred to the undersigned on September 8, 2021. On September 14, the undersigned entered an order allowing Plaintiff thirty days in which to comply with the court's order of April 1 and advised that should Plaintiff fail to do so, the undersigned would recommend, without further notice, that the case be dismissed (ECF No. 16). After more than thirty days passed and Plaintiff had not complied, the undersigned entered an order directing Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the court (ECF No. 17).[1] The undersigned again advised that failure to

---

[1] The undersigned noted the court ordinarily would have recommended at that time that the case be dismissed but that the court discovered the inmate number provided in the caption of the September 14 order was incorrect (ECF No. 17). Although the clerk's office advised it uses the address on file—i.e., the address listed on the docket—when preparing mail for inmates, out of an

Case No.: 3:21cv536/LAC/EMT

comply with the order would result in a recommendation that the case be dismissed (*id*.). More than thirty days have passed, and Plaintiff has not complied.[2]

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 16th day of December 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

abundance of caution, because of the error, the undersigned elected to provide Plaintiff an opportunity to explain his failure to timely comply with the court's orders (*id*.).

[2] The copy of the show cause order initially sent to Plaintiff (ECF No. 17) was returned as undeliverable on November 3, 2021 (*see* ECF No. 18). On November 8, 2021, the clerk of court sent another copy to the address listed on the Bureau of Prisons' website as Plaintiff's current address and re-set the response deadline as December 8, 2021 (*see* ECF No. 19).

Case No.: 3:21cv536/LAC/EMT